KATSKY KORINS LLP
605 Third Avenue
New York, New York 10158
(212) 953-6000
Steven H. Newman, Esq.
Robert A. Abrams, Esq.

*Attorneys for MLF3 Atlantic LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
MLF3 ATLANTIC LLC,

                            Plaintiff,

    -against-

ATLANTIC 111ST LLC, JARNAIL SINGH, SATYA KAUR, BMSL MANAGEMENT LLC, 111ST MANAGEMENT CORPORATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STTE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, CONSOLIDATED EDISON COMPANY OF NEW YORK, LUCKY'S REAL ESTATE, LLC A/K/A LUCKY'S REAL ESTATE GROUP LLC, NEW YORK CITY PARKING VIOLATIONS BUREAU, HILLRICH HOLDING CORP., and "JOHN DOE #1 through JOHN DOE #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint,

                            Defendants.
------------------------------------------------------------------------------x

**NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT,
         FOR THE EASTERN DISTRICT OF NEW YORK

       Plaintiff MLF3 Atlantic LLC (the "**Plaintiff**"), by its attorneys, Katsky Korins LLP, respectfully applies for the removal of a civil action now pending in the New York Supreme

Court, County of Queens (the "**State Court Action**") to the United States District Court for the Eastern District of New York (the "**District Court**"), with the intention that the State Court Action, upon removal, shall be promptly referred to the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**") pursuant to a Standing Order of Reference dated August 28, 1986, as amended by Order dated December 5, 2012 (the "**Standing Order of Reference**") (Amon, C.J.), and in support thereof respectfully states as follows:

## BACKGROUND

1. On April 18, 2019 (the "**Atlantic Petition Date**"), Atlantic 111st LLC (the "**Atlantic Debtor**"), filed a voluntary petition for relief in the Bankruptcy Court under Chapter 11 of Title 11 of the United States Code, as amended (the "**Bankruptcy Code**"). The Atlantic Debtor's case has been assigned case number 8-19-73137 (reg) (the "**Atlantic Bankruptcy Case**") and is currently pending before the Honorable Robert E. Grossman, U.S.B.J.

2. On October 14, 2020 (the "**BMSL Petition Date**"), BMSL Management LLC (the "**BMSL Debtor**"; and the BMSL Debtor and the Atlantic Debtor are sometimes referred to herein as the "**Debtors**"), filed a voluntary petition in the Bankruptcy Court under Chapter 11 of the Bankruptcy Code. The BMSL Debtor's case has been assigned case number 8-20-73181 (reg) (the "**BMSL Bankruptcy Case**"; and the BMSL Bankruptcy Case and the Atlantic Bankruptcy Case are sometimes referred to herein as the "**Bankruptcy Cases**") and is currently pending before the Honorable Robert E. Grossman, U.S.B.J.

3. On November 18, 2020, the Bankruptcy Court entered an order converting the Atlantic Debtor's Chapter 11 Atlantic Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code, and Kenneth P. Silverman (the "**Trustee**") was appointed interim trustee of

the Atlantic Debtor's estate. The Trustee thereafter qualified and is serving as the permanent Chapter 7 trustee of the Atlantic Debtor's estate.

4. In this Notice of Removal, Plaintiff is exercising its right, pursuant to 28 U.S.C. §§ 1441 *et. seq.* and 1452, *et. seq.,* and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to remove the State Court Action entitled *MLF3 Atlantic LLC v. Atlantic 111st LLC, et al.*, Index No. 710813/2016 from the Supreme Court of the State of New York, County of Queens (the "**State Court**") to the District Court, with the request that the State Court Action, upon removal, be promptly transferred to the Bankruptcy Court pursuant to the District Court's Standing Order of Reference.[1]

## THE STATE COURT ACTION

5. On September 9, 2016, Plaintiff commenced the State Court Action by filing in the State Court a summons and complaint (the "**Complaint**"). A copy of the Complaint, together with its exhibits, is annexed as **Exhibit 1**. Plaintiff's Complaint sought, among other things, to (i) foreclose on certain real property owned by (a) the Atlantic Debtor located at 110-19 Atlantic Avenue, Richmond Hill, New York 11418, and (b) the BMSL Debtor and/or other related defendants located at 131-09 Hillside Avenue, Richmond Hill, New York 11418 and 95-25 120th Street, Richmond Hill, New York 11419, and (b) recover from Jarnail Singh (the "**Guarantor**"), a personal guarantor of loans made to the Atlantic Debtor, any deficiency of the debt remaining unsatisfied after a sale of the real property subject to Plaintiff's mortgages.

6. On October 20, 2016, defendant Harbans Singh filed a Verified Answer to the Complaint (the "**Harbans Answer**"). The Harbans Answer is annexed as **Exhibit 2**.

---

[1] By a separate Notice of Removal filed contemporaneously herewith, Plaintiff also seeks to remove from the State Court to the District Court, and in turn to the Bankruptcy Court, a related pending case against the Atlantic Debtor in the State Court under Index No. 713435/2015.

7. On July 26, 2017, defendants Atlantic Debtor and its affiliates Jarnail Singh and 111st Management Corporation filed an Answer to Complaint (the "**Atlantic Debtor Answer**"). A copy of the Atlantic Debtor Answer is annexed as **Exhibit 3**.

8. No other defendant appeared in the State Court Action.

**THIS COURT HAS JURISDICTION TO ADJUDICATE
THE STATE COURT ACTION PURSUANT TO 28 U.S.C. § 1334 (b)**

9. The jurisdiction of the bankruptcy court is delineated in 28 U.S.C. § 1334(b), which states that "the district courts shall have original but not exclusive jurisdiction of all proceedings arising under title 11, or arising in or related to cases under title 11." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995).

10. Section 1334 provides the jurisdictional basis for removal of an action pursuant to 28 U.S.C. § 1452(a). District courts (and bankruptcy courts) may exercise three types of jurisdiction pursuant to the statute. They are "arising under" and "arising in" jurisdiction, which courts regard as a type of federal question jurisdiction, and "related to" jurisdiction. *See, e.g.* Sterling Vision, Inc. v. Sterling Optical Corp. (In re Sterling Optical Corp.), 302 B.R. 792, 801 (Bankr. S.D.N.Y. 2003). A bankruptcy judge may hear and determine any "core proceeding" that "arises under" or "arises in" an action under title 11 but may only hear a "non-core" proceeding if it is "related to" a bankruptcy action. Union Turnpike, Inc. v. Howard Beach Fitness Center, Inc., 209 B.R. 307, 310-11 (S.D.N.Y. 1997). The Second Circuit has construed a bankruptcy court's core jurisdiction "as broadly as possible" so as to be "close to or congruent with constitutional limits." Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail), 304 F.3d 223, 229 (2d Cir. 2002) (internal quotations and citations omitted). This jurisdictional reach is "essential to the efficient administration of bankruptcy proceedings." Id.

11.     The claims and causes of actions underlying the State Court Action are "core proceedings" within the meaning of *inter alia,* 28 U.S.C. §157(b)(2)(A),(B), (K), (M), (N) and (O) in that the State Court Action concerns, *inter alia,* (i) matters concerning the administration of the Debtors' estates, (ii) allowance or disallowance of claims against the estates, (iii) determinations of the validity, extent, or priority of liens, and (iv) matters affecting the liquation of the estates' assets.

12.     Further, Plaintiff and the Trustee have entered into a Stipulation in the Atlantic Bankruptcy Case respecting, among other things, the sharing of proceeds between Plaintiff and the Atlantic Debtor's estate from (i) the Trustee's recovery of avoidance claims against the Guarantor, and (ii) Plaintiff's recovery of any deficiency claim against the Guarantor following the sale of the Atlantic Debtor's real property (the "**Trustee/Plaintiff Stipulation**"). The Trustee/Plaintiff Stipulation is in the process of being filed with the Bankruptcy Court and is incorporated herein by reference hereby. Central to the prosecution of both the avoidance claims against the Guarantor under §§ 547, 548, and 550 of the Bankruptcy Code and the deficiency claims pursuant to RPAPL § 1371 is that the claims against the Guarantor should be heard in one forum -- the Bankruptcy Court. For these reasons, the Court has "arising in" "arising under" and "related to" jurisdiction.

13.     As set forth *supra,* this Court has original jurisdiction over this State Court Action pursuant to 28 U.S.C. § 1334(b).

14.     Accordingly, Plaintiff respectfully submits that the State Court Action should be removed to this Court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.

15. Twenty-Eight U.S.C. § 1452(a) provides as follows:

**Removal of claims related to bankruptcy cases**

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit's police or regulatory power, to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

16. The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; and is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. In addition, the Eastern District of New York encompasses Queens County, which is where the State Court Action is pending.

17. As stated in California Public Employees' Retirement System v. Worldcom, Inc., 368 F.3d 86 (2d. Cir. 2004), "When Congress enacted Section 1452(a) in 1984,. . . 'Congress intended to grant comprehensive jurisdiction to bankruptcy courts so that they might deal efficiently and expeditiously with *all* matters connected with the bankruptcy estate' . . . Accordingly, in its every detail, Section 1452(a) is designed to further Congress's purpose of centralizing bankruptcy litigation in a federal forum." California Public Employees' Retirement System, 268 F.3d at 103 (emphasis is original, quoting Celotex v. Edwards, 514 U.S. 300, 308 n. 5 (1995)). That premise is applicable in the instant case where the subject matter concerns a determination of the Debtors' indebtedness to Plaintiff and the prosecution of avoidance and deficiency claims against the Guarantor.

18. Here, although Plaintiff's claims are nominally state law claims, the nature of the proceedings and the relief requested nevertheless provide this Court with each of "arising in", "arising under", and "related to" jurisdiction over this action, pursuant to 28 U.S.C. § 1334(b).

This action "arises in" and "arising under" a case under Title 11 because it concerns, *inter alia,* the administration of assets of the Debtors' estates and an adjudication of claims asserted against the Debtors -- which constitutes a "core proceeding" under 28 U.S.C. § 157(b). In addition, the State Court Action is also "related to" a case under Title 11 because it involves property of the Debtors' estates and will have a direct and conceivable impact on the amount of the funds available to creditors and on the handling and administration of the bankrupt estates. Indeed, the resolution of claims asserted by the Plaintiff in the State Court Action will directly affect the amount of any distribution to the Debtors' creditors. In addition, the removal of this State Court Action will assist in expeditiously administering the Debtors' estates by potentially avoiding concurrent proceedings addressing the same subject matter, as shown below.

19. To the extent that the Bankruptcy Court does not possess core jurisdiction over Plaintiff's claims, it possesses "related-to" jurisdiction over them. A proceeding meets the jurisdictional threshold of 28 U.S.C. § 1334(b) if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Although 28 U.S.C. § 1334(b) does not provide a definition for "related to" actions, the Second Circuit applies the following test to determine if a third party action is related to a bankruptcy proceeding:

> The test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any "*conceivable effect"* on the bankruptcy estate. If that question is answered affirmatively, the litigation falls within the "related to" jurisdiction of the bankruptcy court. (Emphasis supplied.)

Publicker Industries Inc. v. United States (In re Cuyahoga), 980 F.2d 110, 114 (2d Cir. 1992); See e.g., In re Cayahoga Equipment Corp., 980 F.2d 110, 114 (2d Cir. 1992) (stating the bankruptcy court has "related to" jurisdiction over any action that might have a "conceivable effect" on the bankrupt estate).

20. Claims to foreclose on real property and to fix the amount of a debtor's indebtedness have been properly removed from a state court to a bankruptcy court. For example, In re 47-49 Charles St., 98 CIV. 4669 (HB), 1999 WL 138929 (S.D.N.Y. Mar. 15, 1999) is four-square on point. There, the issue before the District Court was whether a state court foreclosure action removed to the district court should proceed in bankruptcy court or be remanded to state court. In directing that the foreclosure proceeding be referred to the Bankruptcy Court, District Judge Baer held:

> For disposition purposes, I need go no further in my analysis than to conclude that the foreclosure action involves property which is the sole asset of the Debtor. Thus, the outcome of the matter, if it were remanded to the state level, will likely effect the administration of the estate in bankruptcy court. *See id.* Further, the bankruptcy court has jurisdiction over the foreclosure action since it is, at the very least, a related proceeding as described in § 1334(b) of title 28.

*Id*. at *2. *See also*, Le Sannom Bldg. Corp. v. Nathanson, 92 CIV. 8716 (LAP), 1993 WL 330442, at *2 (S.D.N.Y. Aug. 23, 1993) (state court foreclosure proceeding was removed to the bankruptcy court as an adversary proceeding within the chapter 11 case); Kerusa, Co. LLC v.W1OZ/515 Real Estate Ltd. Partnership, No. 04 Civ. 708 (GEL), 2004 WL1048239 at *3 (S.D.N.Y. May 7, 2004) (claims against non-debtor were clearly "related to" bankruptcy case because they likely give rise to contribution or indemnity claims). Here, the resolution of Plaintiff's claims and the prosecution of any claims against the Guarantor will directly affect the amount of monies available for distribution. Therefore, Plaintiff's claims are "related to" the Bankruptcy Cases as they will have a "conceivable effect" on each estate. Indeed, given that the Atlantic Debtor's estate has few other assets, the Plaintiff's claims will have a material impact on the amount of any distribution to creditors.

21. Pursuant to 28 U.S.C. § 157 and the Standing Order of Reference, the Bankruptcy Court presiding over the Bankruptcy Case has jurisdiction over the causes of action asserted in the State Court Action under 28 U.S.C. § 1334. Although, as a procedural matter, removal is to the District Court, upon removal to the District Court, pursuant to 28 U.S.C. § 157(a) and the Standing Order of Reference, it should be *automatically* referred to the Bankruptcy Court. Plaintiff respectfully submits that the State Court Action should be thereafter referred to Bankruptcy Judge Robert E. Grossman, as His Honor is fully familiar with the facts and circumstances of each of the Debtors' Bankruptcy Cases.

22. In light of the foregoing, the Bankruptcy Court can and should adjudicate Plaintiff's Complaint in the State Court Action.

### No Prior Application

23. No previous application has been made for this or any similar relief in this or any other Court.

24. In accordance with 28 U.S.C. § 1452 and Bankruptcy Rule 9027(c), after the filing of this Notice of Removal, Plaintiff shall promptly give written notice of the filing of this Notice of Removal to the parties to the State Court Action, including to counsel for the Chapter 7 Trustee in the Atlantic Bankruptcy Case (a copy of which proposed notice without exhibits is annexed hereto as **Exhibit 4**), and shall file a copy of such notice with the County Clerk of the Supreme Court of the State of New York, County of Queens.

**WHEREFORE,** Plaintiff respectfully requests that the matter of *MLF3 Atlantic LLC v. Atlantic 111st LLC, et al.,* Index No. 710813/2016, presently pending in the State Court, be removed to the District Court, that this Court accept jurisdiction of said action and, upon acceptance of jurisdiction, that this matter thereupon be referred to the Bankruptcy Court pursuant to the District Court's Standing Order of Reference.

Dated: February 12, 2021
      New York, New York

Respectfully submitted,

KATSKY KORINS LLP

By: /s/ Steven H. Newman
    Steven H. Newman, Esq.
    Robert A. Abrams, Esq.
605 Third Avenue
New York, New York 10158
(212) 953-6000
snewman@katskykorins.com
rabrams@katskykorins.com

*Attorneys for MLF3 Atlantic LLC*