SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
MLF3 ATLANTIC LLC,

                               Plaintiff,

      against

ATLANTIC 111ST LLC, JARNAIL SINGH, SATYA KAUR, BMSL MANAGEMENT LLC, 111ST MANAGEMENT CORPORATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, CONSOLIDATED EDISON COMPANY OF NEW YORK, LUCKY'S REAL ESTATE, LLC A/K/A LUCKY'S REAL ESTATE GROUP, LLC, NEW YORK CITY PARKING VIOLATIONS BUREAU, HILLRICH HOLDING CORP., and "JOHN DOE #1 through JOHN DOE #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint,

                              Defendants.
-----------------------------------------------------------------x

Index #:

Date Purchased:

Plaintiff designates Queens county as the place of trial

**SUMMONS**

The basis of the venue is the location of the mortgaged premises.

Plaintiff's place of business is: 14 East 38th Street, 12th Floor New York, NY 10016

**TO THE ABOVE NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

     **PLEASE TAKE NOTICE**, that this is an action to foreclose (i) a Second Mortgage in the principal amount of Four Hundred Ninety Thousand ($490,000.00) Dollars, upon real property known as 110-19 Atlantic Avenue, Richmond Hill, New York 11418 **Block: 9317, Lot: 21**; and (ii) a Collateral Mortgage in the principal amount of Four Hundred Ninety Thousand ($490,000.00) Dollars, upon real properties known as 131-09 Hillside Avenue, Richmond Hill,

New York 11418 **Block: 9252, Lot: 28** and 95-25 120th Street, Richmond Hill, New York 11419 **Block: 9458, Lot: 41**. This is a commercial foreclosure action. The object of this action is to obtain a judgment of foreclosure and sale.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED IN CONNECTION THEREWITH.**

Dated: New York, New York
August 24, 2016

KRISS & FEUERSTEIN LLP
Attorneys for Plaintiff

By: _____
Jerold C. Feuerstein, Esq.
360 Lexington Avenue, Suite 1200
New York, NY 10017
(212) 661-2900

TO: ATLANTIC 111ST LLC (via Secretary of State)
131-05 Hillside Avenue
Richmond Hill, New York 11418

JARNAIL SINGH
95-25 120th Street
Richmond Hill New York 11419

SATYA KAUR
95-25 120th Street
Richmond Hill, New York 11419

BMSL MANAGEMENT LLC (via Secretary of State)
95-25 120th Street
Richmond Hill, New York 11419

111ST MANAGEMENT CORPORATION (via Secretary of State)
110-19 Atlantic Avenue
Richmond Hill, New York 11418

NEW YORK CITY ENVIRONMENTAL CONTROL BOARD
100 Church Street, 4th Floor
New York, New York 10007

NEW YORK CITY DEPARTMENT OF FINANCE
100 Church Street, 4th Floor
New York, New York 10007

2

NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
WA Harriman Campus
Albany, New York 12227

CRIMINAL COURT OF THE CITY OF NEW YORK
25 Beaver Street, 11th Floor
New York, New York 10004

PAY-O-MATIC CHECK CASHING CORPORATION (via Secretary of State)
160 Oak Drive
Syosset, New York 11791

EDUL N. AHMAD
c/o Ahmad Realty Corp.
105-20 Liberty Avenue
Ozone Park, New York 11416

HARBANS SINGH
c/o Law Offices of Louis H. Rosenberg
26 Court Street
Brooklyn, New York 11241

CONSOLIDATED EDISON COMPANY OF NEW YORK (via Secretary of State)
4 Irving Place, 9Fl
New York, New York 10003

LUCKY'S REAL ESTATE, LLC A/K/A LUCKY'S REAL ESTATE GROUP, LLC
(via Secretary of State)
189 Orchard Street
New York, New York 10002

NEW YORK CITY PARKING VIOLATIONS BUREAU
100 Church Street, 4th Floor
New York, New York 10007

HILLRICH HOLDING CORP., (via Secretary of State)
c/o Bailey & Sherman, P.C.,
42-21 Douglaston Parkway,
Douglaston, New York, 11363

<u>All tenants in the properties:</u>
"John Doe #1 through John Doe # 12"

110-19 Atlantic Avenue
Richmond Hill, New York 11418
**Block: 9317, Lot: 21**

3

131-09 Hillside Avenue
Richmond Hill, New York 11418
**Block: 9252, Lot: 28**

95-25 120th Street
Richmond Hill, New York 11419
**Block: 9458, Lot: 41**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------x
MLF3 ATLANTIC LLC,

                                        Plaintiff,

    against

ATLANTIC 111ST LLC, JARNAIL SINGH, SATYA KAUR, BMSL MANAGEMENT LLC, 111ST MANAGEMENT CORPORATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, CONSOLIDATED EDISON COMPANY OF NEW YORK, LUCKY'S REAL ESTATE, LLC A/K/A LUCKY'S REAL ESTATE GROUP, LLC, NEW YORK CITY PARKING VIOLATIONS BUREAU, HILLRICH HOLDING CORP., and "JOHN DOE #1 through JOHN DOE #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint,

                                        Defendants.
-----------------------------------------------------------------------x

Index No.

Date Filed:

**VERIFIED COMPLAINT IN A FORECLOSURE ACTION**

    Plaintiff, by its attorneys, Kriss & Feuerstein LLP complaining of defendants, respectfully alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    The Plaintiff, MLF3 ATLANTIC LLC, a New York limited liability company, ("MLF3") has its principal place of business at 14 East 38th Street, 12th Floor New York, NY 10016 and is authorized to conduct business in the State of New York.

1

2. On or about the following date, the following named obligor, for the purpose of evidencing an indebtedness in the following amount and interest, duly executed, acknowledged and delivered to the following named obligee the following instrument, a copy of which is hereto annexed and marked **Exhibit "A"** with the same force and effect as if set forth at length herein:

| | |
|---|---|
| **INSTRUMENT:** | SECOND MORTGAGE NOTE (the "Note") |
| **DATE:** | May 3, 2011 |
| **OBLIGOR:** | ATLANTIC 111ST LLC ("ATLANTIC 111ST") a New York limited liability company |
| **OBLIGEE:** | EDUL N. AHMAD, an individual |
| **AMOUNT:** | $490,000.00 |

3. For the purpose of securing payment for the said indebtedness, as more fully set forth in said Note, said Obligor, as mortgagor, on or about said date executed, acknowledged and delivered to said Obligee, as mortgagee, a certain Second Mortgage (the "Mortgage") which is hereto annexed and marked as **Exhibit "B"** with the same force and effect as if set forth at length herein, wherein and whereby said Obligor, as mortgagor, mortgaged to said Obligee, as mortgagee, certain real property commonly known as 110-19 Atlantic Avenue, Richmond Hill, New York 11418 (Block: 9317, Lot: 21)(hereinafter the "Atlantic Property").

4. Said Mortgage was duly recorded as follows in the office for the recording of mortgages in the county in which said Atlantic Property were then and are now situated, and the recording data is as follows:

| | |
|---|---|
| **RECORDED IN OFFICE OF:** | The Office of City Register of the City of New York, Queens County ("Register's Office") |
| **DATE OF RECORDING:** | May 26, 2011 |

**CRFN:** 2011000189752

5. Any applicable recording tax was duly paid at the time of recording of the Mortgage.

6. On May 3, 2011, Edul Ahmad, assigned the Mortgage to Bibi N. Ahmad, as evidenced by an Assignment of Mortgage without Covenant (the "Bibi Assignment"). The Bibi Assignment was recorded on May 26, 2011 in the Register's Office as CRFN: 2011000189753. A copy of the Bibi Assignment is annexed hereto as **Exhibit "C"**.

7. On April 11, 2016, Bibi N. Ahmad, assigned the Mortgage to Plaintiff, as evidenced by an Assignment of Second Mortgage (the "MLF3 Assignment"). The MLF3 Assignment was recorded in the Register's Office as CRFN: 2016000199007. A copy of the MLF3 Assignment is annexed hereto as **Exhibit "D"**. The assignment of the Note to Plaintiff is evidenced by an Allonge dated April 11, 2016, (the "Allonge"), a copy of which is annexed to the Note (see Exhibit "A").

8. As additional security for the repayment of the sums due under the Note, on May 3, 2011, Jarnail Singh, Satya Kaur and BMSL Management LLC (hereinafter collectively the "Collateral Borrowers") acknowledged and delivered to said Obligee a Collateral Mortgage (the "Collateral Mortgage") wherein and whereby the Collateral Borrowers, as mortgagors mortgaged to said Obligee, as mortgagee, certain real properties, commonly known as 131-09 Hillside Avenue, Richmond Hill, New York 11418 (Block: 9252, Lot: 28)(hereinafter the "Hillrich Property") and 95-25 120th Street, Richmond Hill, New York 11419 (Block: 9458, Lot: 41)(hereinafter the "120th St. Property"). A copy of the Collateral Mortgage is annexed hereto as **Exhibit "E"**.

3

9. The Collateral Mortgage was duly recorded as follows in the office for the recording of mortgages in the county in which said Hillrich Property and 120th St. Property were then and are now situated, and the recording data is as follows:

| | |
|---|---|
| **RECORDED IN OFFICE OF** | The Office of City Register of the City of New York, Queens County ("Register's Office") |
| **DATE OF RECORDING:** | May 26, 2011 |
| **CRFN:** | 2011000189754 |

10. On May 3, 2011, Edul N. Ahmad, assigned the Collateral Mortgage to Bibi N. Ahmad, as evidenced by an Assignment of Collateral Mortgage (the "Collateral Assignment No. 1"). The Collateral Assignment No. 1 was recorded on July 7, 2016 in the Register's Office as CRFN: 2016000228896. A copy of the Collateral Assignment No. 1 is annexed hereto as **Exhibit "F"**.

11. On April 11, 2016, Bibi N. Ahmad, assigned the Collateral Mortgage to Plaintiff, as evidenced by an Assignment of Collateral Mortgage (the "Collateral Assignment No. 2"). The Collateral Assignment No. 2 was recorded on July 7, 2016 in the Register's Office as CRFN: 2016000228897. A copy of the Collateral Assignment No. 2 is annexed hereto as **Exhibit "G"**.

12. To further secure the indebtedness of the Note, on or about May 3, 2011, Jarnail Singh executed a Continuing Guaranty (the "Guaranty") of all obligations under the Note and the Mortgage to Edul N. Ahmad in the amount of $490,000.00. A duly executed true and correct copy of said Guaranty is annexed hereto as **Exhibit "H"**.

13. Plaintiff is the owner and holder of the Note, the Mortgage, the Collateral Mortgage, the Guaranty and all other loan documents executed in connection with the Note (the "Loan").

4

14. Atlantic 111ST and the Collateral Borrowers failed to comply with the terms of the Loan as follows, which constituted events of default: (i) failing to make the $40,000.00 principal sum payment due on May 9, 2011; and (ii) failure to maintain liability or hazard insurance on the Atlantic Property, as required under the Loan (hereinafter collectively the "Initial Defaults").

15. Failure of Atlantic 111ST and the Collateral Borrowers to maintain liability and hazard insurance on the Atlantic Property constituted an event of default pursuant to Paragraph 2 of the Mortgage:

> "That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies."

16. The Mortgage was accelerated pursuant to a Queens County Supreme Court foreclosure action under Index No.: 20094/2011 which has been marked disposed by the Court.

17. On or about June 1, 2012, Atlantic 111ST, Jarnail Singh and Bibi N. Ahmad entered into a certain Forbearance Agreement (the "FB Agreement", which shall be considered part of the "Loan" herein) concerning the certain Initial Defaults by Atlantic 111ST and the Collateral Borrowers under the Loan. A duly executed true and correct copy of the FB Agreement is annexed hereto as **Exhibit "I"**.

18. As evidenced by the aforementioned FB Agreement, Atlantic 111ST and Jarnail Singh acknowledged and agreed that Atlantic 111ST, and by way of the Collateral Mortgage, the Collateral Borrowers were in default under the Loan by reason of the Initial Defaults. Further in the FB Agreement Atlantic 111ST and the Collateral Borrowers acknowledge that acceptance of funds pursuant to the FB Agreement shall constitute neither a default, a waiver of the Initial

Defaults, nor a waiver of the acceleration. Atlantic 111ST agreed that the debt has been properly accelerated and no further acceleration is required.

19. Atlantic 111ST and Jarnail Singh requested that Bibi N. Ahmad forebear from foreclosing on the Atlantic Property and otherwise exercising his remedies under the Loan due to the Initial Defaults.

20. Atlantic 111ST and Jarnail Singh and the Collateral Borrowers have failed to comply with the terms and provisions of the Loan by, including, without limitation, failing and omitting to make the required August 30, 2012 payment in the amount of $50,000.00 due under the FB Agreement (the "FB Agreement Default").

21. Atlantic 111ST, Jarnail Singh and the Collateral Borrowers, remain in default under the Loan. As such, all concessions set forth in the FB Agreement were previously and are hereby terminated.

22. On or about September 28, 2015, pursuant to the terms of the FB Agreement, notice of the FB Agreement Default was transmitted by the transmission of a letter ("FB Default Letter"). A copy of the FB Default Letter, is annexed hereto as **Exhibit "J"**.

23. Under the terms and conditions of the Loan, the following amounts are now due and owing:

| | |
|---|---|
| **UNPAID PRINCIPAL BALANCE:** | $192,288.00 |
| **INTEREST ON THE UNPAID PRINCIPAL BALANCE:** | **At the Interest Rate of 7.00% per annum from July 1, 2012 to July 31, 2012 and at the Default Rate of 12.00% per annum from August 1, 2012 and thereafter** |

24. The subject Loan was made to a commercial entity, was not incurred for personal, family or household purposes and Atlantic 111ST does not reside at the Atlantic Property. As a

6

result, Atlantic 111ST are not entitled to a 90 day notice and are not entitled to the settlement conference required under C.P.L.R. § 3408.

25. The subject Loan was made to a commercial entity, was not incurred for personal, family or household purposes and Jarnail Singh does not reside at the Atlantic Property. As a result, Jarnail Singh is not entitled to a 90 day notice and are not entitled to the settlement conference required under C.P.L.R. § 3408.

26. The subject Loan was made to a commercial entity, was not incurred for personal, family or household purposes and Satya Kaur does not reside at the Atlantic Property. As a result, Satya Kaur is not entitled to a 90 day notice and are not entitled to the settlement conference required under C.P.L.R. § 3408.

27. The subject Loan was made to a commercial entity, was not incurred for personal, family or household purposes and BMSL Management LLC does not reside at the Atlantic Property. As a result, BMSL Management LLC is not entitled to a 90 day notice and are not entitled to the settlement conference required under C.P.L.R. § 3408.

28. JARNAIL SINGH is made a necessary party defendant by virtue of the fact that he personally guaranteed all the obligations due under the Note and Mortgage as evidenced by the duly executed Guaranty annexed hereto as **Exhibit "H"**.

29. 111ST MANAGEMENT CORPORATION is made a necessary party defendant by virtue of the fact that it is fee owner of the Atlantic Property.

30. NEW YORK CITY ENVIRONMENTAL CONTROL BOARD is made a necessary party defendant by virtue of the following unpaid liens: (i) a lien in the amount of $300.00, docketed on May, 2012 against Satya Kaur for the 120th St. Property; (ii) a lien in the amount of $5,000.00, docketed in March, 2014 against BMSL Management LLC for the Hillrich

7

Property; and (iii) a lien in the amount of $500.00, docket in December, 2012 against BMSL Management LLC for the Hillrich Property. A copy of said liens are annexed hereto as **Exhibit "K"**.

31. NEW YORK CITY DEPARTMENT OF FINANCE is made a necessary party defendant by virtue of any unpaid New York City General Corporation Taxes due and owing from 111ST Management Corporation, any unpaid New York City Business Taxes due and owing on the Hillrich Property and the following two (2) judgments against 111ST Management Corporation: (i) in the amount of $28.21; and (ii) in the amount of $26.44. A copy of the judgments are annexed hereto as **Exhibit "L"**.

32. NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is made a necessary party defendant by virtue of any unpaid New York State Franchise Taxes due and owing from 111ST Management Corporation, any unpaid New York State Franchise Taxes due and owing on the Hillrich Property and a judgment against 111ST Management Corporation in the amount of $103.28. A copy of the judgment is annexed hereto as **Exhibit "M"**.

33. CRIMINAL COURT OF THE CITY OF NEW YORK is made a necessary party defendant by virtue of a judgment against 111ST Management Corporation in the amount of $5,000.00. A copy of the judgment is annexed hereto as **Exhibit "N"**.

34. PAY-O-MATIC CHECK CASHING CORPORATION is made a necessary party defendant by virtue of a judgment against Atlantic 111ST LLC in the amount of $4,143.23. A copy of the judgment is annexed hereto as **Exhibit "O"**.

35. EDUL N. AHMAD is made a necessary party defendant by virtue of being a secured party of a UCC-1 Financing Statement filed on May 20, 2011 in CRFN: 2011000182912

8

against the Atlantic Property. A copy of the UCC-1 Financing Statement is annexed hereto as **Exhibit "P"**.

36. HARBANS SINGH is made a necessary party defendant by virtue of being Plaintiff in an action in Queens County Supreme Court under Index No.: 4550/2014 which claims a 50% interest in the Atlantic Property. A copy of the Notice of Pendency is annexed hereto as **Exhibit "Q"**.

37. CONSOLIDATED EDISON COMPANY OF NEW YORK is made a necessary party defendant by virtue of the fact that they hold a judgment docketed on September 15, 2011 in the amount of $2,624.99 against Satya Kaur. A copy of said judgment is annexed hereto as **Exhibit "R"**.

38. LUCKY'S REAL ESTATE, LLC A/K/A LUCKY'S REAL ESTATE GROUP, LLC is made a necessary party defendant by virtue of being the Plaintiff of a Civil Action, Index No.: 2013-8788, potential interest holder in the Hillrich Property. A copy of the Notice of Pendency is annexed hereto as **Exhibit "S"**.

39. NEW YORK CITY PARKING VIOLATIONS BUREAU is made a necessary party defendant by virtue of a lien in the amount of $125.00 against Satya Kaur. A copy of said lien is annexed hereto as **Exhibit "T"**.

40. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage and Collateral Mortgage or to recover the amounts due under the Note.

41. Each of the above-named defendant(s) has or claims to have or may claim to have some interest in or lien upon the Atlantic Property, Hillrich Property and 120th St. Property or

9

some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of Mortgage and Collateral Mortgage.

42. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said Atlantic Property, Hillrich Property and 120th St. Property should be sold subject to the following:

(a) Any state of facts that an inspection of the Atlantic Property, Hillrich Property and 120th St. Property would disclose.

(b) Any state of facts that an accurate survey of the Atlantic Property, Hillrich Property and 120th St. Property would show.

(c) Covenants, restrictions, easements and public utility agreements of record, if any.

(d) Building and zoning ordinances of the municipality in which the mortgaged Atlantic Property, Hillrich Property and 120th St. Property are located and possible violations of same.

(e) Any rights of tenants or persons in possession of the subject Atlantic Property, Hillrich Property and 120th St. Property.

(f) Any equity of redemption of the United States of America to redeem the Atlantic Property, Hillrich Property and 120th St. Property within 120 days from date of sale.

(g) Prior mortgage liens of record held by and any advances and arrears thereunder.

(h) Prior lien(s) of record, if any.

43. In the event that Plaintiff possesses any other lien(s) against said Atlantic Property, Hillrich Property and 120th St. Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

44. Plaintiff believes that during the pendency of this action, in order to protect the security of the within Mortgage and Collateral Mortgage, it may be compelled to make advances to prior mortgagees, for installments of principal and interest if any, taxes, assessments, water rates, and/or insurance premiums that are or may become due or to the receiver of taxes, or to the insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in the within Mortgage and Collateral Mortgage foreclosed and deemed further secured thereby.

45. Plaintiff has not and shall not be deemed to have waived, altered, released or changed the election to accelerate the full debt by reason of any payment after the date of the commencement of this action or any or all of the defaults mentioned herein and such election shall continue and remain effective until the costs and disbursements of this action and all sums due on Note and Mortgage and Collateral Mortgage are fully paid.

46. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage and Collateral Mortgage or to recover the amounts due under Note.

### AS AND FOR A THIRD CAUSE OF ACTION

47. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "46" of the Complaint.

48. Defendant Jarnail Singh, an individual having an address at 95-25 120th Street, Richmond Hill New York executed the Guaranty dated May 3, 2011, as additional security for the repayment of the sums due under the Note wherein he personally guaranteed repayment of the Loan. A copy of the Guaranty is annexed hereto as **Exhibit "H"**.

11

49. By reason of the foregoing Guaranty(s), Plaintiff reserves the right to seek a deficiency judgment pursuant to Real Property Actions and Proceedings Law § 1371 against Jarnail Singh to the extent of the liability under the Guaranty, as applicable, upon the completion the foreclosure action.

## AS AND FOR A FOURTH CAUSE OF ACTION

50. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "49" of the Complaint.

51. Hillrich Holding Corp. is made a necessary party defendant by virtue of a First Mortgage made by JNL Funding Corp. to BMSL Management LLC dated May 8, 2008 and recorded May 22, 2008 in the Register's Office under CRFN: 2008000207714 (the "Alleged First Mortgage").

52. It appears that Hillrich Holding Corp. claims to be the Assignee of the Alleged First Mortgage.

53. Upon information and belief, Hillrich Holding Corp. is not the owner and holder of the Alleged First Mortgage, and cannot enforce the Alleged First Mortgage.

54. The Alleged First Mortgage should be discharged as a lien against the Property.

55. Upon information and belief, no defendant is known or unknown.

56. Upon information and belief, no defendant is or might be an infant, mentally retarded, mentally ill or an alcohol abuser.

**WHEREFORE**, the Plaintiff demands judgment that the defendant and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said Atlantic Property,

Hillrich Property and 120th St. Property and each and every part and parcel thereof; that the said Atlantic Property, Hillrich Property and 120th St. Property may be decreed to be sold in one parcel, according to law, subject to the terms set forth in Paragraph **42** in the Complaint; that the monies arising from the sale thereof may be brought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage and Collateral Mortgage as hereinbefore set forth, with interest and late charges to the time of such payment and prepayment penalty and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any terms or provisions of the Note and Mortgage and Collateral Mortgage set forth in this Complaint, or to protect the lien of Plaintiff's Mortgage and Collateral Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said Atlantic Property, Hillrich Property and 120th St. Property, during the pendency of this action with the usual powers and duties; that the defendants **ATLANTIC 111ST LLC, JARNAIL SINGH, SATYA KAUR** and **BMSL MANAGEMENT LLC** if applicable, may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Atlantic Property, Hillrich Property and 120th St. Property and the application of the proceeds pursuant to the directions contained in the Judgment of Foreclosure and Sale, and that in the event that Plaintiff possesses any other lien(s) against said mortgaged Atlantic Property, Hillrich Property and 120th St. Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or

13

seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Atlantic Property, Hillrich Property and 120th St. Property to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the Atlantic Property, Hillrich Property and 120th St. Property, as may be just and equitable and on the Fourth Cause of Action, judgment directing that Hillrich Holding Corp.'s alleged interest in the Property, the Alleged First Mortgage, be declared null and void, and the County Clerk directed to discharge same from the real property records.

Dated: New York, New York
      August 24, 2016

Yours, etc.

KRISS & FEUERSTEIN LLP
Attorneys for Plaintiff

By: _____
    Jerold C. Feuerstein, Esq.
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900

14

## VERIFICATION

STATE OF NEW YORK )
                            )ss.:
COUNTY OF NEW YORK )

DAVID AVIRAM, being duly sworn, deposes and says that he is the Principal of MLF3 ATLANTIC LLC, the Plaintiff in this action, that he has read the foregoing Complaint and knows the contents thereof, and that the same is true to his knowledge.

_____
DAVID AVIRAM

Sworn to before me on this

24 day of August, 2016

_____
Notary Public

> **JAMES E YETTER**
> Notary Public, State of New York
> No. 01YE6324839
> Qualified in New York County
> Commission Expires May 18, 2019

15