Case 1:21-cv-00804-ENV-RLM   Document 1-3   Filed 02/12/21   Page 1 of 8 PageID #: 35

# Exhibit B

(Immediately Follows This Page)

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2011051000489004001EF2A9

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

**Document ID:** 2011051000489004   Document Date: 05-03-2011   Preparation Date: 05-10-2011
**Document Type:** MORTGAGE
**Document Page Count:** 4

| PRESENTER: | RETURN TO: |
|---|---|
| INTRACOASTAL ABSTRACT CO., INC. | EDUL N. AHMAD |
| 31 STEWART STREET | C/O AHMAD REALTY CORP. |
| ML PICKUP USTA | 105-20 LIBERTY AVENUE |
| FLORAL PARK, NY  11001 | RICHMOND HILL, NY  11419 |
| 516-358-0505 | |
| 478-Q-01970 | |

**PROPERTY DATA**

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| QUEENS | 9317 | 21 | Entire Lot | | 110-19 ATLANTIC AVE |

Property Type:  COMMERCIAL REAL ESTATE

**CROSS REFERENCE DATA**

CRFN_____   *or*  Document ID_____   *or* _____ Year____ Reel ___ Page ____ *or* File Number_____

**PARTIES**

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| ATLANTIC 111ST LLC | EDUL N. AHMAD |
| 110-17 ATLANTIC AVENUE | 105-20 LIBERTY AVENUE |
| RICHMOND HILL, NY  11418 | RICHMOND HILL, NY  11419 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 490,000.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 490,000.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 2,450.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 5,512.50 | $ | 0.00 |
| Spec (Additional): | $ | 1,225.00 | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** |
| MTA: | $ | 1,470.00 | **OF THE CITY REGISTER OF THE** |
| NYCTA: | $ | 3,062.50 | **CITY OF NEW YORK** |
| Additional MRT: | $ | 0.00 | Recorded/Filed     05-26-2011 14:09 |
| TOTAL: | $ | 13,720.00 | City Register File No.(CRFN): |
| Recording Fee: | $ | 57.00 | **2011000189752** |
| Affidavit Fee: | $ | 0.00 | *Annette M Hill* |

*City Register Official Signature*

# Second Mortgage

Mortgage – Individual or Corporation

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS MORTGAGE, made the 3rd day of May in the year 2011

BETWEEN

*Atlantic 113T LLC*, the mortgagor;   *110-17 Atlantic Av Richmond Hill, NY*

and

Edul N. Ahmad, the mortgagee, *105-20 Liberty Ave., Richmond Hill, NY 11419*

WITNESSETH, that to secure the payment of an indebtedness in the sum of

Four Hundred & Ninety Thousand ($490,000.00) dollars,

lawful money of the United States, to be paid

with interest thereon to be computed from the date hereof,

according to a certain bond,
note or obligation bearing even date herewith, the mortgagor hereby mortgages to the mortgagee.

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the
110-19 Atlantic Ave, Richmond Hill, NY 11418 - See Schedule A.

TOGETHER with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

TOGETHER with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

TOGETHER with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

AND the mortgagor covenants with the mortgagee as follows:

1. That the mortgagor will pay the indebtedness as hereinbefore provided.

2. That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any instalment of principal or of interest for fifteen days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in instalments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first instalment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

7. That the mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the mortgagor warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions

of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11.   That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12.   That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

13.   That the mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security for the payment of said indebtedness, and the mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, on five days' written notice. The mortgagor will not, without the written consent of the mortgagee, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

14.   That the whole of said principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the mortgagee; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the mortgagee; or (d) if the buildings on said premises are not maintained in reasonably good repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within three months from the issuance thereof; or (f) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the mortgagor, in the event of the passage of any law deducting from the value of the land for the purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage.

15.   That the mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

16.   N/A

        This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the mortgagor, the heirs, personal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall enure to the benefit of the mortgagee, the personal representatives, successors and assigns of the mortgagee and all subsequent holders of this mortgage. The word "mortgagor" shall be construed as if it read "mortgagors" and the word "mortgagee" shall be construed as if it read "mortgagees" whenever the sense of this mortgage so requires.

IN WITNESS WHEREOF, this mortgage has been duly executed by the mortgagor.

IN PRESENCE OF:

Jamail Singh

| ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE | ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE |
|---|---|

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of Queens, ss:

On the 3rd day of June in the year 2011, before me, the undersigned, personally appeared Jarnail Singh

, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

KATHLENE GERSTEIN
Notary Public, State of New York
No. 01GE4920790
Qualified in Nassau County
Commission Expires February 16, 2008

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of   ,   ss:

On the   day of   in the year   , before me, the undersigned, personally appeared

, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS/ TAKEN IN NEW YORK STATE

State of New York, County of   , ss:
On the   day of   in the year   , before me, the undersigned, a Notary Public in and for said State, personally appeared   , the

subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof):
that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto

ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE

*State of   , County of   ,   ss:
*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the   day of   in the year   ; before me   the undersigned  personally appeared

Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in  his/her/their capacity(ies),  that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the

(add the city or political subdivision and the state or country or other place the acknowledgement was taken).

## First Mortgage

Title No. 615-874Q-  478-Q-01970

Singh
TO
Ahmad

SECTION: 40

BLOCK: 9317

LOT: 21

COUNTY OR TOWN: Richmond Hill

RETURN BY MAIL TO:

Edul N. Ahmad
C/O Ahmad Realty Corp.
105-20 Liberty Ave, Richmond Hill, NY 11419

**Schedule A Description**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the westerly side of 111th Street and the northerly side of Atlantic Avenue;

RUNNING THENCE northerly along the westerly side of 111th Street, 124.26 feet;

THENCE westerly at right angles to the westerly side of 111th Street, 100.11 feet;

THENCE southerly at right angles to the last described course, 25.02 feet;

THENCE westerly at right angles to the last described course, 20.02 feet;

THENCE southerly at right angles to the last described course, 98.36 feet to the northerly side of Atlantic Avenue;

THENCE easterly along the northerly side of Atlantic Avenue, 120.13 feet to the corner aforesaid, the point or place of BEGINNING.

1.____ The attached mortgage covers real property improved or to be improved by a one or two family dwelling.

2.____ The attached mortgage covers real property principally improved or to be improved by one or more structures containing in the aggregate not more than six residential dwelling units, each having their own separate cooking facilities.

3. X  The attached mortgage does not cover real property improved as described above



☐ This Mortgage was assigned to

by Assignment of Mortgage dated

☐ and recorded on                                          in the
of                                          , State of New York, at
☐ (3) This Mortgage given by

and dated                                          in favor of

securing the original principal amount of U.S. $
This Mortgage was recorded on                                          , in the
of                                          , State of New York, at
☐ At this date, the unpaid principal balance secured by this Mortgage is U.S.
$                                          . This Mortgage secures a Note dated
☐ This Mortgage was assigned to

by Assignment of Mortgage dated

☐ and recorded on                                          in the
of                                          , State of New York, at

NEW YORK CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT
Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3172 1/01 (rev. 5/01)
VMP850R(NY) (0505).00
Page 7 of 7