Case 1:21-cv-00804-ENV-RLM Document 1-6 Filed 02/12/21 Page 1 of 15 PageID #: 53

# Exhibit E

(Immediately Follows This Page)

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | |

**2011051000489006001E32D0**

## RECORDING AND ENDORSEMENT COVER PAGE                PAGE 1 OF 9

| **Document ID:** 2011051000489006 | Document Date: 05-03-2011 | Preparation Date: 05-10-2011 |
|---|---|---|

Document Type: MORTGAGE
Document Page Count: 7

| PRESENTER: | RETURN TO: |
|---|---|
| INTRACOASTAL ABSTRACT CO., INC.<br>31 STEWART STREET<br>ML PICKUP USTA<br>FLORAL PARK, NY  11001<br>516-358-0505<br>478-Q-01970 | EDUL N. AHMAD<br>C/O AHMAD REALTY CORP.<br>105-20 LIBERTY AVENUE<br>RICHMOND HILL, NY  11419 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 9252 | 28 | Entire Lot | 131-09 HILLSIDE AVENUE |

Property Type: COMMERCIAL REAL ESTATE

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 9458 | 41 | Entire Lot | 95-25 120TH STREET |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

Document ID: 2011051000489004

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| JARNAIL SINGH<br>95-25 120TH STREET<br>RICHMOND HILL, NY  11419 | EDUL N. AHMAD<br>105-20 LIBERTY AVENUE<br>RICHMOND HILL, NY  11419 |

x   Additional  Parties Listed on Continuation  Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 490,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | 255 | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 74.00 | | | |
| Affidavit Fee: | $ | 8.00 | | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK

Recorded/Filed        05-26-2011 14:09

City Register File No.(CRFN):

**2011000189754**

*Annette M. Hill*

***City Register Official Signature***

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2011051000489006001C3050

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 9 |
|---|---|

Document ID: 2011051000489006    Document Date: 05-03-2011    Preparation Date: 05-10-2011
Document Type: MORTGAGE

**PARTIES**

**MORTGAGOR/BORROWER:**
SATYA KAUR
95-25 120TH STREET
RICHMOND HILL, NY 11419

**MORTGAGOR/BORROWER:**
BMSL MANAGEMENT LLC
95-25 120TH STREET
RICHMOND HILL, NY 11419

Contract of Mortgage – Individual or Corporation

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

MX

**THIS MORTGAGE**, made the 3rd day of May in the year 2011

**BETWEEN**

Jarnail Singh, Satya Kaur & BMSL Management LLC, the mortgagor, 95-25 120th St Richmond Hill N.Y 11419

and

Edul N. Ahmad, the mortgagee, 105-20 Liberty Ave Richmond Hill, NY 11419

**WITNESSETH**, that to secure the payment of an indebtedness in the sum of

Four Hundred & Ninety Thousand ($490,000.00) dollars,

lawful money of the United States, to be paid

with interest thereon to be computed from the date hereof,

according to a certain bond,

note or obligation bearing even date herewith, the mortgagor hereby mortgages to the mortgagee

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

131-09 Hillside Ave, Jamaica, NY and 95-25 120th Street, Richmond Hill, NY - See two (2) properties Schedule A'S made apart of.

**TOGETHER** with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

**TOGETHER** with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

**TOGETHER** with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

**AND** the mortgagor covenants with the mortgagee as follows:

1. That the mortgagor will pay the indebtedness as hereinbefore provided.

2. That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any instalment of principal or of interest for fifteen days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in instalments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first instalment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

7. That the mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the mortgagor warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions

of paragraphs 16, 2 and No. 6 above relating to fire insurance and to the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11.    That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12.    That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

13.    That the mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security for the payment of said indebtedness, and the mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, on five days' written notice. The mortgagor will not, without the written consent of the mortgagee, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

14.    That the whole of said principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the mortgagee; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the mortgagee; or (d) if the buildings on said premises are not maintained in reasonably good repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within three months from the issuance thereof; or (f) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the mortgagor, in the event of the passage of any law deducting from the value of the land for the purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage.

15.    That the mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

16.    N/A

This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the mortgagor, the heirs, personal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall enure to the benefit of the mortgagee, the personal representatives, successors and assigns of the mortgagee and all subsequent holders of this mortgage. The word "mortgagor" shall be construed as if it read "mortgagors" and the word "mortgagee" shall be construed as if it read "mortgagees" whenever the sense of this mortgage so requires.

IN WITNESS WHEREOF, this mortgage has been duly executed by the mortgagor.

IN PRESENCE OF:

_____

Jamail Singh, Individually and as sole member for
BMSL Management, LLC

_____
Satya Kaur, Individually

_____

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of Queens, ss:

On the 3rd day of ~~June~~ May in the year 2011, before me, the undersigned, personally appeared Jarnail Singh, individually & as sole member for BMSL Management LLC *and Satya Kaur*

, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ARLENE GERSTEIN
Notary Public, State of New York
No. 01GE4920790
Qualified in Nassau County
Commission Expires February 16, 2005

ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE

State of New York, County of          , ss:

On the          day of          in the year          , before me, the undersigned, n Notary Public in and for said State, personally appeared          , the

subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof):

that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of Queens, ss:

On the 3rd day of May in the year 2011, before me, the undersigned, personally appeared Satya Kaur

, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE

*State of          , County of          , ss:
*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the          day of          in the year          , before me          the undersigned personally appeared

Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the

(add the city or political subdivision and the state or country or other place the acknowledgement was taken).

## Mortgage

Title No. 615-874Q

Singh, Kaur & BMSL Management LLC
TO
Ahmad

SECTION: 40 & 41

BLOCK: 9252 & 9458

LOT: 28 & 41

COUNTY OR TOWN: Queens

RETURN BY MAIL TO:

Edul N. Ahmad
C/O Ahmad Realty Corp.
105-20 Liberty Ave, Richmond Hill, NY 11419

Para (i) A

## Schedule A Description

Title Number 615-042Q

Page · 1

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of Hillside Avenue and the easterly side of 131st Street;

RUNNING THENCE in a northerly direction along the easterly side of 131st Street, 104.94 feet to a point;

THENCE at an angle of 90 degrees in an easterly direction, 100.08 feet to a point;

THENCE parallel with the easterly side of 131st Street, 110.82 feet to the northerly side of Hillside Avenue;

THENCE in a westerly direction along the northerly side of Hillside Avenue, 100.26 feet to the point or place of BEGINNING.

Premises being: 131-09 Hillside Ave, Richmond Hill NY
Sec:      Block: 9252   Lot: 28

1.____ The attached mortgage covers real property improved or to be improved by a one or two family dwelling

2.____ The attached mortgage covers real property principally improved or to be improved by one or more structures containing in the aggregate not more than six residential dwelling units, each having their own separate cooking facilities.

3.__X__ The attached mortgage does not cover real property improved as described above

**EXHIBIT C**
(Consolidated Note and Addenda)

NEW YORK CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT
Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3172 1/01 (rev. 5/01)

VMP850R(NY) (0905).00

REEL5610PG0833

Exhibit A
Part 2

● SO IN ORIGINAL

### SCHEDULE A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Fourth Ward of the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of 120th Street (formerly Beech Street), distant 128 feet northerly from the corner formed by the intersection of the easterly side of 120th Street with the northerly side of 97th Avenue (formerly Beaufort Street);

RUNNING THENCE easterly parallel with the northerly side of 97th Avenue, 115 feet;

THENCE northerly parallel with the easterly side of 120th Street, 72 feet;

THENCE westerly again parallel with the northerly side of 97th Avenue, 115 feet to the easterly side of 120th Street;

THENCE southerly along the easterly side of 120th Street, 72 feet to the point or place of BEGINNING.

SAID PREMISES BEING KNOWN AS 95-25 120th STREET, RICHMOND HILLS, NY 11419

B: 9958   C: 41

1. _X_ The attached mortgage covers real property improved or to be improved by a one or two family dwelling

2.____ The attached mortgage covers real property principally improved or to be improved by one or more structures containing in the aggregate not more than six residential dwelling units, each having their own separate cooking facilities.

3.____ The attached mortgage does not cover real property improved as described above

**EXHIBIT D**
(Consolidated Mortgage and Riders)

NEW YORK CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT
Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

Form 3172 1/01 (rev. 5/01)

VMP860R(NY) (0905).00

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2011051000489006001SFC51

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

Document ID: 2011051000489006     Document Date: 05-03-2011     Preparation Date: 05-10-2011
Document Type: MORTGAGE

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

255 MORTGAGE TAX EXEMPT AFFIDAVIT                                    2

AFFIDAVIT IN SUPPPORT OF CLAIM FOR EXEMPTION FROM TAX UNDER
SECTION 255 OF THE NEW YORK TAX LAW

Michael L. Gangadeen, Esq. being duly sworn, deposes and says:

1.  I am the attorney for Edul Ahmad.

2.  There is presented for recording to the City Register a mortgage made by
    Atlantic 111St LLC ("Mortgagor") to Edul Ahmad ("Mortgagee") in the
    amount of $490,000 dated May 3, 2011 together with a check in the sum of
    $13,720.00 in full payment of the mortgage tax due for recording the
    mortgage. The mortgage covers premises known as 110-19 Atlantic Avenue,
    Richmond Hill, NY.

3.  Also presented for recording to the City Register is a mortgage made by
    Jarnail Singh, Satya Kaur and BMSL Management LLC in the sum of
    $490,000.00 dated May 3, 2011 covering the premises known as and located
    as:

    a.  131-09 Hillside Avenue, Richmond Hill, New York 11418 and designated
        as Section 40, Block 9252, Lot 28;
    b.  92-25 120th Street, Richmond Hill, New York 11419 and designated as
        Section 41 Block 9458, Lot 41

4.  That the COLLATERAL MORTGAGE is given solely for the purpose of
    further securing, extending and/or modifying the same principal of further
    indebtedness which is or under any contingency may be secured by the
    mortgage and that such collateral mortgage does not create or secure any new
    or further indebtedness or obligation other than the principal indebtedness or
    obligation secured by or which under any contingency may be secured by the
    mortgage and that no reloans or readvances have become secured thereunder.

WHEREFORE, deponent respectfully requests that the COLLATERAL MORTGAGE be
accepted for recording and declared exempt from taxation pursuant to he provisions of
Section 255 Article 11 of the tax law.

....................................
Michael L. Gangadeen

Sworn to before me this
3rd day of May, 2011

....................................
Notary Public

SEAL

ILENE GERSTEIN
Notary Public, State of New York
No. 01GE4920790
Qualified in Nassau County
Commission Expires February 16, 2006

AFFIDAVIT IN SUPPPORT OF CLAIM FOR EXEMPTION FROM TAX UNDER
SECTION 255 OF THE NEW YORK TAX LAW

Michael L. Gangadeen, Esq. being duly sworn, deposes and says:

1.  I am the attorney for Edul Ahmad.

2.  There is presented for recording to the City Register a mortgage made by
    Atlantic 111St LLC ("Mortgagor") to Edul Ahmad ("Mortgagee") in the
    amount of $490,000 dated May 3, 2011 together with a check in the sum of
    $13,720.00 in full payment of the mortgage tax due for recording the
    mortgage. The mortgage covers premises known as 110-19 Atlantic Avenue,
    Richmond Hill, NY.

3.  Also presented for recording to the City Register is a mortgage made by
    Jarnail Singh, Satya Kaur and BMSL Management LLC in the sum of
    $490,000.00 dated May 3, 2011 covering the premises known as and located
    as:

    a.  131-09 Hillside Avenue, Richmond Hill, New York 11418 and designated
        as Section 40, Block 9252, Lot 28;
    b.  92-25 120th Street, Richmond Hill, New York 11419 and designated as
        Section 41 Block 9458, Lot 41

4.  That the COLLATERAL MORTGAGE is given solely for the purpose of
    further securing, extending and/or modifying the same principal of further
    indebtedness which is or under any contingency may be secured by the
    mortgage and that such collateral mortgage does not create or secure any new
    or further indebtedness or obligation other than the principal indebtedness or
    obligation secured by or which under any contingency may be secured by the
    mortgage and that no reloans or readvances have become secured thereunder.

WHEREFORE, deponent respectfully requests that the COLLATERAL MORTGAGE be
accepted for recording and declared exempt from taxation pursuant to he provisions of
Section 255 Article 11 of the tax law.

..................................
Michael L. Gangadeen

Sworn to before me this
3rd day of May, 2011

..................................
Notary Public

SEAL

ILENE GERSTEIN
Notary Public, State of New York
No. 01GE4920790
Qualified in Nassau County
Commission Expires February 16, 2006