# Exhibit H

(Immediately Follows This Page)

## CONTINUING GUARANTY

## IN FAVOR OF

## EDUL N. AHMAD

I. In consideration of any existing or future indebtedness to Edul N. Ahmad (sometimes referred to herein as "you" or "Bank") of Jarnail Singh (hereinafter called the "Borrower"), and/or in order to induce you, in your discretion, at any time(s) hereafter, to extend credit in any manner to, or at the request or for the account of, the Borrower, either with or without security, and/or to purchase or discount any notes, bills receivable, drafts, acceptances, checks or other instruments or evidence of indebtedness upon which the Borrower is or may become liable as maker, endorser, acceptor, or otherwise (all indebtedness, liabilities and obligations of the Borrower to you, now or hereafter existing under any agreements relating to the foregoing or otherwise, being hereinafter referred to as "Obligations"), the undersigned does hereby unconditionally GUARANTEE the punctual payment when due, whether by acceleration or otherwise, to you of each and all of the Obligations, together with interest thereon and, upon demand, any and all expenses (including, without limitation, the fees and expenses of your attorneys) which may be incurred by you in collecting all or any of the Obligations and/or in enforcing any rights hereunder.

II. It is understood and agreed that if any default shall occur in the payment of any Obligations, the undersigned guarantees that the Obligations will be paid to you strictly in accordance with the terms and provisions of any agreement(s), express or implied, which has (have) been or may hereafter be made or entered into by the Borrower, without deduction by reason of any set-off, defense or counterclaim, and regardless of any law, regulation or decree, now or hereafter in effect, which might in any manner affect any of the terms or provisions of any such agreement(s) or your rights with respect thereto as against the Borrower, or cause or permit to be invoked any alteration in the time, amount or manner of payment by the Borrower of any of the Obligations.

III. As security for any and all liabilities of the undersigned to you, now existing or hereafter arising hereunder, or otherwise, you are hereby given the right to retain, and you are hereby given a lien upon and a security interest in, any and all moneys and other property (i.e., goods and merchandise as well as any and all documents relative thereto, funds, securities, chooses in action and any and all other forms of property whether real, personal or mixed, and any right, title or interest of the undersigned therein or thereto, and the proceeds thereof, which have been, or may hereafter be, deposited or left with you (or with any third party acting on your behalf) by or for the account or credit of the undersigned, including, without limitation of the foregoing, that in safekeeping or in which the undersigned may have any interest. All remittances and property shall be deemed left with you, as soon as put in transit to you by mail or carrier.

IV. No act or omission of any kind on your part (including, without limitation, (a) any failure to perfect or continue the perfection of any lien on any collateral securing payment of any Obligations or the undersigned's obligations hereunder; (b) the invalidity, unenforceability, propriety of manner of enforcement of, or loss or change in priority of any such security interest or other lien, (c) any taking, holding, continuation, collection, modification, leasing, impairment, surrender or abandonment of, or any failure to protect, preserve or insure, any such collateral; (d) any delay, failure, or forbearance in the exercise of, any right or remedy against the undersigned, the Borrower, or any person or collateral for the Obligations; (e) failure of the undersigned to receive notice of any intended disposition of such collateral; (f) any defense of the Borrower arising from any cause whatsoever to liability including, without limitation, any waiver or omission by you in enforcing your claims against the Borrower or any collateral for the Obligations, including, without limitation, any failure to make, prove, or vote any claim relating to the Obligations or any collateral therefor in any case or proceeding pursuant to the United States Bankruptcy Code or any similar law, or any satisfaction of the Obligations or any part thereof by reason of your failure to recover against any collateral therefor or your failure to obtain a judgment for any deficiency; (g) any release, settlement, composition, adjustment, compromise, replacement, cancellation, discharge, assignment, sale, exchange, conversion, participation or other transfer or disposition of any of the Obligations or of any collateral therefor; (h) the invalidity or unenforceability of any of the Obligations; (i) the creation of any security interest, lien or other encumbrance in favor of any person other than you; (j) any refusal or failure by you or any other person prior to the date hereof or hereafter to grant any additional loan or other credit accommodation to the Borrower or your or any other party's receipt of notice of such refusal or failure; (k) any refusal or failure by you or any other person to provide to the undersigned any information relating to the Borrower, any other guarantor, endorser, or any person or entity who has given any collateral as security for the payment of the Obligations or any information relating to the Borrower's or such guarantor's, endorser's, person's or entity's financial condition, business or assets, or if such information is provided, to provide such information completely and accurately; (l) any change in the ownership of the undersigned, if applicable, or the Borrower; (m) the expiration of the period of any statute of limitations with respect to any lawsuit or other legal proceeding against the Borrower or any person in any way related to the Obligations or a part thereof or any collateral therefor; or (n) any other thing or circumstance which might otherwise constitute a defense to the undersigned's obligations hereunder) shall in any event affect or impair this Guaranty, nor shall same be affected by any change which may arise by reason of the death or dissolution of the undersigned, or of any partner(s) or member(s) of the undersigned, or of the Borrower, or of the accession to any such entity of any one or more new partners or members. The undersigned hereby consents and agrees that you may at any time, or from time to time, in your discretion: (a) extend or change the time of payment, and/or the manner, place or terms of payment of all or any of the Obligations; (b) exchange, release and/or surrender all or any of the collateral security, or any part(s) thereof by whomsoever deposited, which is now or may hereafter be held by you in connection with all or any of the Obligations; (c) sell and/or purchase all or any such collateral at public or private sale, or at any broker's board, and after deducting all costs and expenses of every kind for collection, sale or delivery, the net proceeds of any such sale(s) may be applied by you to all or any of the Obligations, and (d) settle or compromise with the Borrower, and/or any other person(s) liable thereon, any and all of the Obligations, and/or subordinate the payment of same, or any part(s) thereof, to the payment of any other debts or claims, which may at any time(s) be due or owing to you and/or any other person(s) or corporation(s); all in such manner and upon such terms as you may deem proper, and without notice to or further assent from the undersigned; it being hereby agreed that the undersigned shall be and remain bound upon this Guaranty, irrespective of the existence, value or condition of any collateral, and notwithstanding any such change, exchange, settlement, compromise, surrender, release, sale, application, renewal or extension.

V. The undersigned waives any claim, remedy or other right which the undersigned might now have or hereafter acquire against the Borrower or any other person that is primarily or contingently liable for the Obligations including, without limitation, any right of subrogation, reimbursement, exoneration, contribution, indemnification, or any right to participate in any claim or remedy you may have against the Borrower or any collateral therefor which you now or hereafter acquire, whether or not such claim, remedy or right arises in equity, or under contract, statute, or common law. The undersigned also hereby waives notice of acceptance of this Guaranty, and also presentment, demand, protest and notice of dishonor of any and all of the Obligations and promptness in commencing suit against any party thereto or liable thereon, and/or in giving any notice to or of making any claim or demand hereunder upon the undersigned. The undersigned agrees to make payment of the Obligations without requiring you to resort first to the Borrower (this being a guaranty of payment and not of collection) or to any other guaranty or collateral you may hold. Without limiting any of your other rights, whenever you have the right to declare any Obligations to be immediately due and payable (whether or not is has so declared), you, at your sole election, may set off against the Obligations any and all moneys then owed by you to the undersigned, in any capacity, whether or not the obligation to pay such moneys owed by you is then due, and you shall be deemed to have exercised such right of setoff immediately at the time of such election even though any charge therefor is made or entered on your records subsequent thereto. The obligation of the undersigned hereunder is to pay the Obligations in full when due, and shall not be affected by any extension of time for payment by the Borrower, any bar to the enforceability of the Obligations, or any limitation on the right to attorneys' fees, resulting from any proceeding under the United States Bankruptcy Code or any similar law. The obligation of the undersigned under this Guaranty shall also include payment of interest accrued on the Obligations before or after a filing of a petition under any bankruptcy laws and interest on, and principal of, loans made to the debtor in possession after the filing of such a petition by or against the Borrower. No course of dealing or usage of trade, and no oral or written representations or agreement, between the Borrower or the undersigned and you, whether or not relied on or acted upon, and no act, delay or omission by you in exercising any right or remedy hereunder or with respect to any Obligations shall operate as a waiver thereof or of any other right or remedy, and no single or partial exercise thereof shall preclude any other or further exercise thereof or the exercise of any right or remedy. The giving of notice or a demand by you at any time shall not operate as a waiver in the future of your right to exercise any right or remedy without notice or demand. You may remedy any default by the Borrower under any agreement with the Borrower or with respect to any Obligations in any reasonable manner, without waiving the default remedied and without waiving any other prior or subsequent default by the Borrower. The undersigned further agrees that this Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time payment, or any part thereof, of the principal of or interest on any of the Obligations is rescinded or must otherwise be restored or returned by you upon the insolvency, bankruptcy or reorganization of the Borrower, or otherwise, all as though such payment has not been made.

VI. For the purposes of this Section VI, (a) "Hazardous Substances" means material defined as a hazardous substance in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C Sections 9601 et seq., the Hazardous Materials Transportation Act, as amended (49 USC Sections 1801, et. seq.), the Federal Resource Conservation And Recovery Act, as amended (42 USC Sections 6901, et seq.), the Federal Water Pollution Control Act (33 USC Section 1317) and all regulations promulgated thereunder and/or any and all other Federal, State or local government law, ordinance rule or regulation, (the "Acts") and (b) "Release" has the same meaning as given to that term in such Acts. The undersigned agrees to indemnify, defend, and hold you harmless from and against any and all liabilities, claims, damages, penalties, liens, expenditures, losses, and charges including, but not limited to, all costs of investigation, monitoring, legal representation, remedial response, removal, restoration or permit acquisition, which may now or in the future be undertaken, suffered, paid, awarded, assessed, or otherwise incurred by you as a result of the presence or suspected presence of, Release of or threatened Release of Hazardous Substances on, in, under or near any property or improvements thereon, owned, leased or operated by the Borrower or the undersigned. The liability of the undersigned to you under the covenants of this Section VI is not limited by any exculpatory provisions in any agreement in connection with the undersigned or collateral therefor and shall survive payment of the Obligations or any transfer or termination of any agreement in connection with the Obligations or collateral therefor or this Guaranty regardless of the means of such transfer or termination.

VII. This is an absolute and unconditional continuing guaranty and shall (a) remain in full force and effect until written notice shall have been received by you from the undersigned (or the successor or legal representative of the undersigned) that it has been revoked, but any such notice shall not release the undersigned from any liability as to any Obligations which may be held by you, or in which you may have any interest, at the time of the receipt of such notice, (b) be binding upon the undersigned, the heirs, executors, administrators, successors and assigns of the undersigned, and shall inure to the benefit of, and be enforceable by you, your successors, transferees and assigns, (c) none of the terms or provisions of this Guaranty may be waived, altered, modified or amended except in writing duly signed on your behalf.

VIII. THIS GUARANTY SHALL BE GOVERNED BY AND INTERPRETED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAW.

SUBJECT ONLY TO THE EXCEPTION IN THE NEXT SENTENCE, THE UNDERSIGNED HEREBY AGREES TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE STATE OF NEW YORK SITTING IN THE CITY AND COUNTY OF NEW YORK AND WAIVES ANY OBJECTION BASED ON VENUE OR FORUM NON CONVENIENS WITH RESPECT TO ANY ACTION INSTITUTED THEREIN, AND AGREES THAT ANY DISPUTE CONCERNING THE RELATIONSHIP BETWEEN YOU AND THE UNDERSIGNED IN CONNECTION WITH THIS GUARANTY OR OTHERWISE SHALL BE HEARD ONLY IN THE COURTS DESCRIBED ABOVE. NOTWITHSTANDING THE FOREGOING, YOU SHALL HAVE THE RIGHT TO BRING ANY ACTION OR PROCEEDING IN THE COURTS OF ANY OTHER JURISDICTION YOU DEEM NECESSARY OR APPROPRIATE IN ORDER TO REALIZE ON THE OBLIGATIONS OR ANY COLLATERAL OR OTHER SECURITY FOR THE OBLIGATIONS.

THE UNDERSIGNED HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, COUNTERCLAIM, DEMAND, ACTION OR CAUSE OF ACTION (i) ARISING UNDER THIS GUARANTY OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR (ii) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO WITH RESPECT TO THIS GUARANTY OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR THE TRANSACTIONS RELATED HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE.

2

THE UNDERSIGNED HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, COUNTERCLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY AND THAT YOU MAY FILE AN ORIGINAL COUNTERPART OF A COPY OF THIS GUARANTY WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE UNDERSIGNED HERETO TO THE WAIVER OF THE RIGHT TO TRIAL BY JURY.

THE UNDERSIGNED HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE MAXIMUM EXTENT NOT PROHIBITED BY LAW, ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER IN ANY LEGAL ACTION OR PROCEEDING ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES

NOTHING HEREIN SHALL AFFECT YOUR RIGHTS TO SERVE LEGAL PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR AFFECT YOUR RIGHTS TO BRING ANY ACTION OR PROCEEDING AGAINST THE UNDERSIGNED OR ITS PROPERTY IN THE COURTS OF ANY OTHER JURISDICTION.

If this Guaranty is executed by two or more parties, they shall be jointly and severally liable hereunder, and the word "undersigned" wherever used herein shall be construed to refer to each of such parties separately, all in the same manner and with the same effect as if each of them had signed separate instruments; and in any such case this Guaranty shall not be revoked or impaired as to any one or more of such parties by the death or dissolution of any of the others or by the revocation or release of any liabilities hereunder of any one or more of such other parties. The failure of any other person to sign this Guaranty shall not affect the obligations of the undersigned.

Dated:

_____
Jarnail Singh

Address: 95-25 120th Street, Richmond Hill, NY

Tax ID No.:

## ACKNOWLEDGMENT

STATE OF NEW YORK )
) ss.:
COUNTY OF    Queens )

On the 3 day of May in the year 2011 before me, the undersigned, personally appeared Jarnail Singh, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ILENE GERSTEIN
Notary Public, State of New York
No. 01GE4920790
Qualified in Nassau County
Commission Expires February 16, 2006

3