SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------x
:
MLF3 ATLANTIC LLC,
:
    Plaintiff,
:
    - against -
:
ATLANTIC 111 ST LLC, JARNAIL SINGH,               **VERIFIED ANSWER**
SATYA KAUR, BMSL MANAGEMENT LLC,  :
111 ST MANAGEMENT CORPORATION,           Index No. 710813/16
NEW YORK CITY ENVIRONMENTAL      :
CONTROL BOARD, NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK  :
STATE DEPARTMENT OF TAXATION AND
FINANCE, CRIMINAL COURT OF THE CITY  :
OF NEW YORK, PAY-O-MATIC CHECK
CASHING CORPORATION, EDUL N. AHMAD, :
HARBANS SINGH, CONSOLIDATED EDISON
COMPANY OF NEW YORK, LUCKY'S REAL  :
ESTATE, LLC a/k/a LUCKY'S REAL ESTATE
GROUP, LLC, NEW YORK CITY PARKING  :
VIOLATIONS BUREAU, HILLRICH HOLDING
CORP., and "JOHN DOE #1 through JOHN  :
DOE #12", the last twelve names being fictitious
and unknown to Plaintiff, the persons or parties  :
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest :
upon the premises described in the Complaint,
:
    Defendants.
:
------------------------------------------------------------x

    Defendant Harbans Singh, by his attorney, Thomas Torto, Esq., as and for his verified answer to the summons and verified complaint dated August 24, 2016, respectfully alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the complaint and respectfully refers the Court to the note referred to therein for its terms, conditions and legal effect.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the complaint and respectfully refers the Court to the second mortgage referred to therein for its terms, conditions and legal effect.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4" and "5" of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint and respectfully refers the Court to the assignment of mortgage referred to therein for its terms, conditions and legal effect.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "7" of the complaint and respectfully refers the Court to the assignment of mortgage and allonge referred to therein for their terms, conditions and legal effect.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the complaint and respectfully refers the Court to the collateral mortgage referred to therein for its terms, conditions and legal effect.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint and respectfully refers the Court to the collateral assignment no. 1 referred to therein for its terms, conditions and legal effect.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint and respectfully refers the Court to the collateral assignment no. 2 referred to therein for its terms, conditions and legal effect.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint and respectfully refers the Court to the guaranty referred to therein for its terms, conditions and legal effect.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "13" and "14" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the complaint and respectfully refers the Court to the mortgage referred to therein for its terms, conditions and legal effect.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint.

13. Denies knowledge or information sufficient to form a belief , as to the truth of the allegations contained in paragraph "17" and "18" of the complaint and respectfully refers the Court to the forbearance agreement referred to therein for its terms, conditions and legal effect.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34" and "35" of the complaint.

-3-

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the complaint except admits that defendant Harbans Singh claims a fifty percent interest in the Property at issue herein and that he filed a notice of pendency in the action pending in this Court under Index No. 4550/14.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "37", "38", "39", "40", "41", "42", "43", "44", "45" and "46" of the complaint.

17. Repeats the above denials in response to the allegations contained in paragraph "47" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "48" and "49" of the complaint.

19. Repeats the above denials in response to the allegations contained in paragraph "50" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "51", "52", "53", "54", "55" and "56" of the complaint.

21. Denies each and every allegation in the complaint not hereinabove specifically denied or admitted.

### FIRST AFFIRMATIVE DEFENSE

22. The complaint and each cause of action therein fail to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

23. Upon information and belief, plaintiff lacks capacity to sue and/or legal standing to bring this action in that plaintiff is not properly formed, is doing business within the State of New York without authorization as required by law, and/or is not the holder of the note and mortgage at issue herein in that, inter alia, the assignments of mortgage herein were defective and no delivery of the note and mortgage to plaintiff took place.

**THIRD AFFIRMATIVE DEFENSE**

24. Upon information and belief, the complaint is barred by plaintiff's laches, acquiescence, unclean hands, waiver, estoppel, and bad faith.

**FOURTH AFFIRMATIVE DEFENSE**

25. Upon information and belief, the plaintiff has failed to mitigate its damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

26. Upon information and belief, the complaint is barred by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

27. Upon information and belief, the complaint is barred by plaintiff's culpable conduct and failure to comply with the pertinent statutory and regulatory requirements for a reverse mortgage, as well as the pertinent statutory and local requirements for foreclosing a mortgage in Supreme Court, Queens County.

**SEVENTH AFFIRMATIVE DEFENSE**

28. Upon information and belief, the complaint is barred by the Statute of Frauds.

-5-

**EIGHTH AFFIRMATIVE DEFENSE**

29. Upon information and belief, the complaint is barred by plaintiff's failure to properly accelerate the unpaid balance of the note and mortgage at issue herein and to otherwise give the notices as required by and in accordance with the note and mortgage at issue herein.

**NINTH AFFIRMATIVE DEFENSE**

30. Upon information and belief, the court lacks personal jurisdiction over defendant Harbans Singh in that the summons and complaint has not been served on defendant Singh.

**TENTH AFFIRMATIVE DEFENSE**

31. Upon information and belief, the complaint is barred by the failure of plaintiff's assignor and plaintiff to comply with the forbearance agreement dated June 1, 2012

**WHEREFORE**, defendant Harbans Singh hereby demands judgment against plaintiff as follows:

(1) dismissing the complaint; and

(2) awarding such other and further relief as the Court deems just and proper together with reasonable attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
October 20, 2016

_____
TH
Attorney for Defendant Harbans Singh
419 Park Avenue South, Suite 406
New York, New York 10016
(212) 532-5881

TO:    KRISS & FEUERSTEIN LLP
       Attorneys for Plaintiff
       360 Lexington Avenue, Suite 1200
       New York, New York 10017
       (212) 661-2900

       BIOLSI LAW GROUP P.C.
       Attorneys for Defendants Atlantic 111st LLC,
        Jarnail Singh, 111st Management Corporation
        and Richie Rich
       42 Broadway, Suite 12-144
       New York, New York 10004
       (718) 263-2624

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                      )    ss.:
COUNTY OF NEW YORK    )

THOMAS TORTO, an attorney at law duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury as follows:

(1) I am the attorney for defendant Harbans Singh in the above-captioned action. I have read the foregoing Verified Answer and know the contents thereof which are true to my own knowledge, except as the matters therein stated to be alleged on information and belief, and as to these matters, I believe them to be true.

(2) The reason this verification is made by me and not by defendant is that defendant resides in a county other than the one in which I maintain my office.

(3) The source of my information and the grounds of my belief are communications with my client and others, papers, reports, and investigation contained in the file.

Dated: New York, New York
       October 20, 2016

_____

-8-

Index No. 710813/16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
=============================================================
MLF3 ATLANTIC LLC,

    Plaintiff,

        - against -

ATLANTIC 111 ST LLC, JARNAIL SINGH, SATYA KAUR, BMSL MANAGEMENT LLC, 111 ST MANAGEMENT CORPORATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, CONSOLIDATED EDISON COMPANY OF NEW YORK, LUCKY'S REAL ESTATE, LLC a/k/a LUCKY'S REAL ESTATE GROUP, LLC, NEW YORK CITY PARKING VIOLATIONS BUREAU, HILLRICH HOLDING CORP., and "JOHN DOE #1 through JOHN DOE #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint,

    Defendants.
=============================================================
**VERIFIED ANSWER**
=============================================================

THOMAS TORTO, ESQ.
Attorney for Defendant Harbans Singh
419 Park Avenue South, Suite 406
New York, New York 10016
(212) 532-5881