FILED: QUEENS COUNTY CLERK 02/14/2018 01:28 PM
NYSCEF DOC. NO. 223
INDEX NO. 710813/2016
RECEIVED NYSCEF: 02/14/2018

Case 1:21-cv-00804-ENV-RLM   Document 1-23   Filed 02/12/21   Page 1 of 6 PageID #: 134

FILED: QUEENS COUNTY CLERK 07/26/2017 11:47 PM
NYSCEF DOC. NO. 178
INDEX NO. 710813/2016
RECEIVED NYSCEF: 07/26/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
MLF3 ATLANTIC LLC,

    Plaintiff,

- - against - -

ATLANTIC 111ST LLC, JARNAIL SINGH, 111ST MANAGEMENT CORPORATION, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, CRIMINAL COURT OF THE CITY OF NEW YORK, PAY-O-MATIC CHECK CASHING CORPORATION, EDUL N. AHMAD, HARBANS SINGH, and "JOHN DOE #1" through "JOHN DOE #12", the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

    Defendants.
---------------------------------------------------------------------X

Index № 710813-2016

~~PROPOSED~~ ANSWER

Defendants Jarnail Singh, Atlantic 111st LLC, 111st Management Corporation, (hereinafter 'Defendants'), by his attorneys, Biolsi Law Group P.C., as and for their Answer to the allegations of the Plaintiff set forth in the Complaint in this action respectfully answers as follows:

**IN ANSWER TO THE ALLEGATIONS SET FORTH IN THE COMPLAINT**

1. Defendant admits **NONE OF** the allegations contained in paragraphs of the Complaint.

2. Defendant denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs 1, 4, 5, 6, 7, 9, 10, 11, 13, 15, 16, 18, 22, 23, 24, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41,

*710813-2016*

FILED: QUEENS COUNTY CLERK 02/14/2018 01:28 PM
NYSCEF DOC. NO. 223
INDEX NO. 710813/2016
RECEIVED NYSCEF: 02/14/2018

FILED: QUEENS COUNTY CLERK 07/26/2017 11:47 PM
NYSCEF DOC. NO. 178
INDEX NO. 710813/2016
RECEIVED NYSCEF: 07/26/2017

42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, and 56 of the Complaint, and respectfully refers any questions of law contained thereto to the Court.

3. Defendant denies that Plaintiff has complied with all of the provisions of RPAPL § 1304.

4. Defendant denies that Plaintiff is entitled to any relief requested or demanding in the Complaint's Prayer for Relief ("Wherefore Clause").

5. Defendant denies any and all other allegations and statements set forth by the Plaintiff unless specifically admitted herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6. References in these affirmative defenses to plaintiff refer to plaintiff's assignors and/or predecessors in the event that there is valid claim of assignment from previous mortgage to plaintiff.

7. Defendants entered into a modification agreement with respect to the subject mortgage loan on or about January 2014, (hereinafter "January 2014 agreement").

8. Pursuant to the terms of the January 2014 agreement, a down payment was made to Plaintiff and/or Defendant Edul Ahmad and/or Bibi Ahmad in the amount of $172,750.

9. Pursuant to the terms of the January 2014 agreement, monthly payments in the amount of $18,576.36 were made to Plaintiff and/or Defendant Edul Ahmad, and/or Bibi Ahmad, from April 2014 to January 2016.

10. Plaintiff and/or Defendant Edul Ahmad and/or Bibi Ahmad accepted payments from January 2014 to April 2014.

710813-2016

FILED: QUEENS COUNTY CLERK 02/14/2018 01:28 PM
NYSCEF DOC. NO. 223
INDEX NO. 710813/2016
RECEIVED NYSCEF: 02/14/2018

Case 1:21-cv-00804-ENV-RLM   Document 1-23   Filed 02/12/21   Page 3 of 6 PageID #: 136

FILED: QUEENS COUNTY CLERK 07/26/2017 11:47 PM
NYSCEF DOC. NO. 178
INDEX NO. 710813/2016
RECEIVED NYSCEF: 07/26/2017

11. Defendants attempted to make February 2016 payment pursuant to the January 2014 agreement.

12. Plaintiff, and/or Defendant Edul Ahmad and/or Bibi Ahmad rejected the February 2016 payment.

13. Defendants attempted to make March 2016 payment pursuant to the January 2014 agreement.

14. Plaintiff and/or Defendant Edul Ahmad and/or Bibi Ahmad rejected the March 2016 payment.

15. Defendants attempted to make the April 2016 payment pursuant to the January 2014 agreement.

16. Plaintiff and/or Defendant Edul Ahmad and/or Bibi Ahmad rejected the April 2016 payment.

17. By rejecting the February 2016, March 2016, and April 2016 payments, Defendants were forced to default on the subject mortgage loan.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. Plaintiff and/or plaintiff's predecessors failed to give proper annual accountings of the funds contained in Defendants' escrow account.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. Plaintiff and/or plaintiff's predecessors and/or assignors failed to provide appropriate and required notices under the mortgage and/or note in question.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. Upon information and belief, Plaintiff, and/or its alleged predecessors-in-interest, assignors, or others, failed to accelerate the debts alleged to be due.

*710813-2016*

FILED: QUEENS COUNTY CLERK 02/14/2018 01:28 PM
NYSCEF DOC. NO. 223
INDEX NO. 710813/2016
RECEIVED NYSCEF: 02/14/2018

Case 1:21-cv-00804-ENV-RLM   Document 1-23   Filed 02/12/21   Page 4 of 6 PageID #: 137

FILED: QUEENS COUNTY CLERK 07/26/2017 11:47 PM
NYSCEF DOC. NO. 178
INDEX NO. 710813/2016
RECEIVED NYSCEF: 07/26/2017

21. Plaintiff failed to deliver notice of Plaintiff's intentions pursuant to the terms of the mortgage allegedly giving rise to this action.

22. Upon information and belief, Plaintiff has never communicated in writing with Defendants.

23. Upon information and belief, Plaintiff has never communicated with Defendants.

24. Plaintiff has not delivered any notices, including the requisite 90-Day Notice as a condition precedent.

25. Plaintiff has not delivered predicate notices required by law.

26. Resultantly, plaintiff's alleged demands are not ripe, mature, or otherwise properly before this Court.

27. Accordingly, an action sounding in foreclosure cannot be advanced and must be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. As evidenced by the language of the mortgage documents, Defendants were compelled by the mortgagee to obtain mortgage insurance.

29. The purpose of this insurance was to protect the mortgagee against non-payment of, or default on, the Loan.

30. Assuming, *arguendo*, that the Answering Defendants owes any financial debt to any mortgagee, Defendants believe that Plaintiff has collateral resources to secure repayment as required by Plaintiff.

31. To this end, Plaintiff is estopped from seeking payment from Defendants.

*710813-2016*

FILED: QUEENS COUNTY CLERK 02/14/2018 01:28 PM
NYSCEF DOC. NO. 223
INDEX NO. 710813/2016
RECEIVED NYSCEF: 02/14/2018

Case 1:21-cv-00804-ENV-RLM   Document 1-23   Filed 02/12/21   Page 5 of 6 PageID #: 138

FILED: QUEENS COUNTY CLERK 07/26/2017 11:47 PM
NYSCEF DOC. NO. 178
INDEX NO. 710813/2016
RECEIVED NYSCEF: 07/26/2017

32. The true mortgagee, whomever it may be, has, or can be made whole, assuming the allegations are true, by operation of the mortgage insurance coverage that the mortgagee unilaterally dictated that the mortgagor pay for.

33. Therefore, this action must be dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. Upon information and belief, Defendant did not borrow money from the Plaintiff as alleged in the complaint.

35. Defendant is unaware of any proper assignment (or other lawful transfer) of any note obligating the repayment of anything to the Plaintiff.

36. Upon information and belief, notwithstanding any assignment of a mortgage, proper or otherwise, Plaintiff was not properly assigned the note nor did it take delivery, physical, actual, or otherwise, of the note purportedly giving rise to this action from the original lender.

37. Furthermore, upon information and belief, the subject mortgage note was not duly-indorsed prior to the commencement of this action.

38. Upon information and belief, this action has been commenced by an entity, natural or otherwise, that is without due authority from holder-in-due course or original lender or conservator or receiver.

39. Furthermore, upon information and belief, the original lender was not merged into the Plaintiff and, as such, the Plaintiff did not gain an interest in the mortgage instruments by a merger.

40. Therefore, Plaintiff has no standing to maintain this action.

41. Accordingly, the action must be dismissed.

710813-2016

FILED: QUEENS COUNTY CLERK 02/14/2018 01:28 PM
INDEX NO. 710813/2016
NYSCEF DOC. NO. 223
RECEIVED NYSCEF: 02/14/2018

Case 1:21-cv-00804-ENV-RLM   Document 1-23   Filed 02/12/21   Page 6 of 6 PageID #: 139

FILED: QUEENS COUNTY CLERK 07/26/2017 11:47 PM
INDEX NO. 710813/2016
NYSCEF DOC. NO. 178
RECEIVED NYSCEF: 07/26/2017

*Wherefore*, Defendants respectfully requests that this Court grant the following relief:

1. Dismissing the Claims of the Plaintiff and all causes of action against the Defendant in the above-entitled action; and,

2. Dismissing the Complaint in its entirety;

3. Granting the Defendant an award of attorneys' fees, costs, and disbursements;

4. Granting the Defendants such other, further, and different relief as to this Court deems just, equitable, and proper.

Dated:   New York, New York
         July 26, 2017

Biolsi Law Group, P.C.

_____
By: Aveet Basnyat, Esq.
Attorneys for Defendants Atlantic 111st LLC, Jarnail Singh, 111st Management Corporation
111 Broadway, Suite 606
New York, NY 10006
(212) 706-1385
Fax: (718) 504-6427 (for Court's use only-not for service)
abasnyat@sabiolsi.com

   To:

      Jerold C. Feurstein, Esq.
      Kris & Feurstein LLP
      Attorneys for Plaintiff
      360 Lexington Avenue, Suite 1200
      New York, NY 10017
      212-661-2900

*710813-2016*